Case 2:23-cv-04046-BRM-LDW Document 155-68 Filed 07/25/25 Page 1 of 9 PageID: 10750

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INVENTEL, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>STARCO ENTERPRISES, INC. d/b/a THE STARCO GROUP,<br><br>  Defendant. | Civil Action #:<br><br>**COMPLAINT** |

Plaintiff, Inventel, LLC ("Plaintiff") by way of Complaint against Starco Enterprises, Inc. d/b/a The Starco Group ("Defendant") says:

**FACTS COMMON TO ALL COUNTS**

1. Plaintiff, with a principal place of business of 105 West Dewey Avenue, Wharton, New Jersey, 07885, and a mailing address of 2 Kiel Avenue, Unit #312, Kinnelon, New Jersey 07405, is in the business of selling and distributing a product known as Mighty Sealer (an aerosol spray-on liquid coating).

2. Upon information and belief, Defendant has a principal place of business of 3137 East 26th Street, Vernon, California, 90058, and is in the business of manufacturing aerosol products.

3. On or about July 17, 2012, Plaintiff and Defendant entered into a written Purchase Order Acceptance Agreement ("POAA").

4. Paragraph 7 of the POAA states (in part) that all invoices from Defendant will be paid by Plaintiff within 30 days of receipt of same.

Page 1 of 9

complaint

5. In addition, Paragraph 10 states (in part) that Defendant specifically waives its right to request adequate assurance before products are shipped to Plaintiff.

6. On or about July 17, 2012, Plaintiff sent Defendant two (2) separate purchase orders. More specifically, purchase order # 10062 ("PO 10062") and purchase order # 10063 ("PO 10063").

7. PO 10062 is for 400,002, 6 pack cases of Mighty Sealer in white and 400,002, 6 pack cases of Mighty Sealer in clear.

8. PO 10063 is for 100,002, 6 pack cases of Mighty Sealer in black (without toluene), 100,002, 6 pack cases of Mighty Sealer in white (without toluene) and 100,002, 6 pack cases of Mighty Sealer in clear (without toluene). All of the Mighty Sealer contained in PO 10062 and PO 10063 shall collectively be referred to as "MS".

9. On or about July 17, 2012, Defendant accepted both PO 10062 and PO 10063. In addition, Defendant acknowledged that same was subject to the terms and conditions set forth in the POAA.

10. By accepting PO 10062 and PO 10063, Defendant agreed to sell MS to Plaintiff, pursuant to the terms and conditions of the POAA and PO 10062 and PO 10063, which in part required Plaintiff to pay Defendant 30 days after Plaintiff is in receipt of Defendant's invoice.

11. On or about July 18, 2012, Plaintiff entered into a contract with a third-party, to sell 240,000, 6 pack cases of Mighty Sealer in clear and 240,000 6 pack cases of Mighty Sealer in white ("Third-Party Contract").

12. Upon information and belief, on or about July 18, 2012, Ross Sklar (CEO of Defendant) had a sales meeting with in Wisconsin with Menards (a large chain home improvement store).

complaint

13. Upon information and belief, during said meeting with Menards, Ross Sklar discovered that Plaintiff has been and was going to continue to sell Mighty Sealer to Menards. Thereafter, Defendant figured that Defendant could cut out Plaintiff and sell a product similar to Mighty Sealer directly to Menards. In doing so, Defendant would make a greater profit than simply selling MS to Plaintiff.

14. On or about July 20, 2012 (after Ross Sklar had a sales meeting with Menards), Defendant advised Plaintiff that Defendant would not sell Plaintiff MS, without Plaintiff first giving Defendant a 25% deposit. Defendant knew that by requiring such a high deposit amount, Plaintiff would be unable to proceed with the purchase of MS.

## AS TO JURISDICTION AND VENUE

15. Plaintiff repeats each and every allegation set forth in paragraphs 1 through 14 above, as if set forth at length herein.

16. Plaintiff is a New Jersey limited liability company with its principal place of business located in New Jersey.

17. Upon information and belief, Defendant is a California corporation with its principal place of business located in California.

18. The amount in controversy exceeds $75,000.

19. A substantial part of the events that gave rise to the claims set forth herein, occurred in New Jersey. In addition, pursuant to paragraph 15(F) of the POAA, Defendant consented to jurisdiction and venue in the District Court of New Jersey.

20. Therefore, this Court has subject matter jurisdiction pursuant to 28 *U.S.C.* §1332 and venue is proper pursuant to 28 *U.S.C.* §1391.

## COUNT ONE

21. Plaintiff repeats each and every allegation set forth in paragraphs 1 through 20

above, as if set forth at length herein.

22. The POAA and PO 10062 and PO 10063 formed a valid contract between Plaintiff and Defendant ("Contracts").

23. At all times, Plaintiff has fully complied with all terms and conditions set forth in the Contracts.

24. Despite Plaintiff fully complying with the Contracts, defendant materially breached same by refusing to sell Plaintiff MS, without Plaintiff first giving Defendant a 25% deposit.

25. Due to the fact that Defendant has refused to sell MS to Plaintiff, without Plaintiff first giving Defendant a 25% deposit, Plaintiff has suffered and will continue to suffer damages in excess of $75,000, including but not limited to loss of profit and loss of good will and reputation.

WHEREFORE, plaintiff, Inventel, LLC, demands judgment against defendant, Starco Enterprises, Inc., as follows:

    A. Awarding compensatory damages;

    B. Awarding punitive damages;

    C. Awarding pre-judgment and post-judgment interest;

    D. Awarding all costs of suit, including Court costs, expert witness fees and reasonable attorney's fees; and

    E. Awarding such other relief as the Court deems equitable and appropriate.

## COUNT TWO

26. Plaintiff repeats each and every allegation set forth in paragraphs 1 through 25 above, as if set forth at length herein.

27. The Contracts entered into between Plaintiff and Defendant contain an implied

Page 4 of 9

complaint

covenant of good faith and fair dealing, that obligates and restricts Plaintiff and Defendant from doing anything would have an effect of destroying or injuring the right of the other to receive the fruits and/or benefits of the Contracts.

28. Despite said implied covenant of good faith and fair dealing, Defendant is attempting to materially alter the terms and conditions of the Contracts and thereby destroying Plaintiff's right to receive the benefit of the Contracts (receiving MS pursuant to the terms and conditions of the Contracts).

29. At all times, Plaintiff acted in good faith and at no time destroyed and/or injured Defendant's rights to receive any benefits of the Contracts.

30. Due to Defendant's actions, Plaintiff has suffered and will continue to suffer damages in excess of $75,000, including but not limited to loss of profit and loss of good will and reputation.

WHEREFORE, plaintiff, Inventel, LLC, demands judgment against defendant, Starco Enterprises, Inc., as follows:

    A.    Awarding compensatory damages;

    B.    Awarding punitive damages;

    C.    Awarding pre-judgment and post-judgment interest;

    D.    Awarding all costs of suit, including Court costs, expert witness fees and reasonable attorney's fees; and

    E.    Awarding such other relief as the Court deems equitable and appropriate.

## **COUNT THREE**

31. Plaintiff repeats each and every allegation set forth in paragraphs 1 through 30 above, as if set forth at length herein.

complaint

32. Plaintiff had a reasonable expectation of economic advantage when Defendant executed the Contracts and agreed to sell Plaintiff MS.

33. After the Contracts were fully executed, Plaintiff entered into the Third-Party Contract.

34. Defendant intentionally and malicious interfered with said expectation, by refusing to sell Plaintiff MS, pursuant to the terms and conditions set forth in the Contracts.

35. There is a direct connection between Defendant's interference and Plaintiff's loss of gain.

36. Plaintiff is unable to comply with the terms of the Third-Party Contract and therefore is unable to make a sale. Plaintiff has suffered and will continue to suffer damages in excess of $75,000, including but not limited to loss of profit and loss of good will and reputation.

WHEREFORE, plaintiff, Inventel, LLC, demands judgment against defendant, Starco Enterprises, Inc., as follows:

    A.    Awarding compensatory damages;

    B.    Awarding punitive damages;

    C.    Awarding pre-judgment and post-judgment interest;

    D.    Awarding all costs of suit, including Court costs, expert witness fees and reasonable attorney's fees; and

    E.    Awarding such other relief as the Court deems equitable and appropriate.

## COUNT FOUR

37. Plaintiff repeats each and every allegation set forth in paragraphs 1 through 36 above, as if set forth at length herein.

38. Defendant made a clear and definite promise to Plaintiff, that Defendant would sell

complaint

MS to Plaintiff, pursuant to the terms and conditions set forth in the Contracts.

39. Said promise was made with the expectation that Plaintiff would rely on same.

40. Plaintiff did rely upon Defendant's promise and Plaintiff's reliance was reasonable.

41. Plaintiff has suffered a definite and substantial detriment, as Plaintiff entered into the Third-Party Contract but due to Defendant's actions Plaintiff is now unable to comply with the terms and conditions of the Third-Party Contract. Plaintiff has suffered and will continue to suffer damages in excess of $75,000, including but not limited to loss of profit and loss of good will and reputation.

WHEREFORE, plaintiff, Inventel, LLC, demands judgment against defendant, Starco Enterprises, Inc., as follows:

   A. Awarding compensatory damages;

   B. Awarding punitive damages;

   C. Awarding pre-judgment and post-judgment interest;

   D. Awarding all costs of suit, including Court costs, expert witness fees and reasonable attorney's fees; and

   E. Awarding such other relief as the Court deems equitable and appropriate.

### COUNT FIVE

42. Plaintiff repeats each and every allegation set forth in paragraphs 1 through 41 above, as if set forth at length herein.

43. Pursuant to *N.J.S.A.* 2A:16-50, et. seq., Plaintiff seeks a Declaratory Judgment against Defendant, to settle and afford Plaintiff relief from uncertainty and insecurity with respect to Plaintiff's rights, status and other legal relations that will stem from Defendant's actions set forth herein above.

complaint

44. Plaintiff seeks that Defendant indemnifies and holds Plaintiff harmless from any and all causes of action that Plaintiff may be subject to due to Defendant's failure to honor and abide by the terms and conditions of the Contracts.

45. Said indemnification shall include but not be limited to any and all attorney's fees, judgments and out-of-pocket expenses that Plaintiff incurs as a result of Defendant's failure to honor and abide by the terms and conditions of the Contracts.

WHEREFORE, plaintiff, Inventel, LLC, demands judgment against defendant, Starco Enterprises, Inc., as follows:

    A. Declaring that Defendant must indemnify and hold Plaintiff harmless from any and all causes of action against Plaintiff that stem from and/or are related to Defendant's failure to honor and abide by the terms and conditions of the Contracts.

    B. Awarding compensatory damages;

    C. Awarding punitive damages;

    D. Awarding pre-judgment and post-judgment interest;

    E. Awarding all costs of suit, including Court costs, expert witness fees and reasonable attorney's fees; and

    F. Awarding such other relief as the Court deems equitable and appropriate.

Dated: July 25, 2012

By:   Justin H. Scheier /s/
      Justin H. Scheier
      THE SCHEIER LAW FIRM, LLC
      *Attorneys for Plaintiff*
      560 Sylvan Avenue
      Englewood Cliffs, New Jersey 07632
      201.568.3210
      js@scheierlaw.com

complaint

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that to the best of my knowledge, this matter in controversy is not subject of any other action pending in any Court, arbitration and/or administrative proceeding.

|  |  |
|---|---|
| Dated: July 25, 2012 | By:   Justin H. Scheier /s/ <br> Justin H. Scheier <br> THE SCHEIER LAW FIRM, LLC <br> *Attorneys for Plaintiff* <br> 560 Sylvan Avenue <br> Englewood Cliffs, New Jersey 07632 <br> 201.568.3210 <br> js@scheierlaw.com |